Mitcheltree *v.* Stewart *et al.*

Debt does not lie by the assignee against the assignor of a promissory note or other instrument in writing. 1 Chit. Plead. 97, 106, and authorities there cited.

When the objection to the form of the action is substantial and appears upon the face of the declaration, it may be taken advantage of by writ of error. 1 Chit. Plead. 196.

4th. That the judgment is irresponsive to the writ and declaration. Hughes *v.* Union Insurance Co., 5 Peters' Cond. R. 443 ; 8 Wheat. 294.

5th. That the damages are excessive, and exceed the legal interest upon the debt.

L. TRUMBULL, for the plaintiff in error.

A. COWLES, J. M. KRUM, and J. Y. SCAMMON, for the defendants in error.

---

JOHN MITCHELTREE, appellant, *v.* ISAAC STEWART and JAMES E. PEARSON, appellees.

*Appeal from Schuyler.*

The return of a sheriff upon a *scire facias* to foreclose a mortgage, was as follows : "Executed the within as the law directs, by reading and delivering to defendant a true copy, November 1st, 1837." The process was returnable on the first Monday of November, 1837: *Held* that the return was formally correct.

It is sufficient in a *scire facias* to foreclose a mortgage, to set out a copy of the mortgage with the certificates of acknowledgment and of record annexed, without averring that the mortgage was acknowledged or recorded, or averring that default had been made in the payment of the money mentioned therein, where it appears from the mortgage that the money was to have been paid before the issuing of the writ.

THE record in this case shows that the following writ was issued, and proceedings had in the Court below:

" State of Illinois, Schuyler County, *ss.*

" The People of the State of Illinois to the Sheriff of Schuyler County, Greeting. Whereas Isaac Stewart and James E. Pearson, merchants, trading under the firm of Isaac Stewart — and Pearson, of the city of Louisville, and State of Kentucky, by Browning and Worthington, their attorneys, have filed in the clerk's office of our Circuit Court in and for said county of Schuyler, and State of Illinois, a certain deed of mortgage, which said deed of mortgage is duly executed and recorded in the Recorder's office in and for said county and State, according to the statute in such case made and provided. And whereas the said Isaac Stewart and James E. Pearson, by their attorneys aforesaid, have filed in the said clerk's office a precipe directing a writ of *scire facias* to be issued upon said deed of mortgage, which said deed of mortgage is in the words and figures following, to wit :" [Here the mortgage is set out in *hœc verba*, by which it appears that the mortgage was made to the plaintiffs to secure the payment of a promissory note for $654,59, due to the plaintiffs ; a book account amounting to $393,76, due to Neff, Wanton, & Co.; and three notes, in the aggregate, for the sum of $662,89, due to Muir & Wiley, — the amounts paid upon the mortgage to be applied *pro rata* in extinguishment of the several debts. A certificate of acknowledgment before the clerk of the Schuyler Circuit Court, and a certificate of the Recorder of Schuyler county, certifying that the mortgage was duly recorded, were annexed to the copy of the mortgage in the writ, but there was no averment that the same was acknowledged or recorded. The mortgage was executed by Mitcheltree and wife.]

" By virtue of which said deed of mortgage, above recited, and the conditions therein contained, and according to the tenor and effect of the notes and accounts therein specified and described ; it appears that the said John Mitcheltree is indebted to the said Isaac Stewart and James E. Pearson in the sum of one thousand seven hundred and eleven dollars and twenty-four cents, together with interest thereon according to the tenor and effect of said notes and accounts, and according to the provisions of the statute in such case made and provided.

" We therefore command you that you summon the said John Mitcheltree, if he shall be found in your county, to be and appear before the Circuit Court of said county of Schuyler and State of

Illinois, on the first day of the next term thereof, to be holden at the court house in Rushville, on the first Monday in the month of November next, (A. D. 1837,) to show cause, if any he have, why judgment should not be rendered against him, for the said sum of one thousand seven hundred and eleven dollars and twenty-four cents, together with interest as aforesaid, which appears to be due and owing from the said John Mitcheltree to the said Isaac Stewart and James E. Pearson, by virtue of said mortgage and the conditions therein contained, and according to the tenor and effect of the notes and accounts therein mentioned and expressed. And have you then there this writ.

{ L. S. }    " Witness Robert A. Glenn, Clerk of our said Circuit Court, at Rushville, this twenty-first day of October, in the year of our Lord one thousand eight hundred and thirty-seven.

" ROBERT A. GLENN, *Clerk.*"

And afterwards, to wit, on the first day of November, A. D. 1837, the said writ of *scire facias* was returned by the sheriff of said county of Schuyler with the following indorsement thereon, to wit :

" Executed the within as the law directs, by reading and delivering to defendant a true copy.

" November 1st, 1837.

" THOS. HAYDEN, S. S. C. Ill.,

" By RICHARD DOUGHERTY, *Dept.*"

" On the calling of the cause for trial, the defendant, by his attorney, entered a motion to quash the return of the sheriff on said writ, which being considered by the Court, was overruled ; and thereupon the defendant moved to quash the writ in said cause, for a variance between the writ and mortgage, which motion was overruled by the Court. Defendant then offered to plead to the merits, and asked time to write and file his plea herein, which was not allowed. And thereupon judgment was entered by default against the defendant," who excepted to the several decisions of the Court.

Judgment was entered for $2,218,96. Thereupon an attorney for the defendant made affidavit that the motions were made by mistake ; that no appearance was intended to be entered by the defendant, and no appearance was in fact entered ; and that the defendant was entitled to a credit of $1400. The plaintiffs then remitted $1,452,50, and took judgment for the balance, $766,46 and costs. The cause was heard at the June term, 1838, of the Schuyler Circuit Court, before the Hon. James H. Ralston.

The defendant appealed to this Court, and assigned for error the decisions of the Court below.

A. WILLIAMS, for the appellant, objected to the *scire facias* because it did not appear that Stewart and Pearson were authorized

to act for the other creditors named in the mortgage, and because it contained no averment that the mortgage was either acknowledged or recorded, or that default had been made in the payment of the money secured by it.   He cited R. L. 376 (1); 2 Saund. R. 72 b, f, n.

He also contended that the mortgage was without consideration, in part, at least, and that the sheriff's return was insufficient.

O. H. BROWNING, for the appellees.

The record shows an appearance by the defendant.   It is too late to except to a sheriff's return after an appearance has been entered.

An informality in a *scire facias* can be taken advantage of only by demurrer.   State Bank *v.* Snyder, Breese 122 ; Marshall *v.* Maury, 1 Scam. 231.

SMITH, Justice, delivered the opinion of the Court :

Three grounds have been assigned for error in this cause, to wit, — That the Circuit Court erred in refusing to quash the sheriff's return to the writ of *scire facias* ; — to quash the writ itself ; and in rendering judgment in the action.   We perceive no error in the decision of the Circuit Court on the points made. The sheriff's return appears to be full and formally correct.

The writ is conceived to be sufficiently full and descriptive of the cause of action ; and as it recites the mortgage, we do not consider that there can be any valid objection to it.   As to the rendition of the judgment, and the application to set it aside, full and entire justice has been done in the cause ; and the amount claimed by the defendant having been allowed, and judgment entered only for the amount admitted by him to be actually due, we are of opinion that the Court did not err in refusing to set aside the default ; and therefore the judgment is affirmed with costs.

*Judgment affirmed.*

*Note.*   See as to *service of process*, Ditch *v.* Edwards, 1 Scam. 127 ; Wilson *v.* Greathouse, *Idem.* 174 ; Clemson *et al. v.* Hamm, *Idem.* 176 ; Ogle *v.* Coffey, *Idem.* 239 ; Garrett *v.* Phelps, *Idem.* 331.

As to *scire facias*, see Menard *v.* Marks, 1 Scam. 25 ; Hall *et al. v.* Byrne *et al.,* *Idem.* 140 ; Marshall *v.* Maury, *Idem.* 231 ; Gilbert *v.* Maggord, 1 Scam. ; Day *v.* Cushman *et al., Idem.*

(1) Gale's Stat. 393.